IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF IOWA

In the Matter of:

**Zero Energy Systems, LLC,**   Case No. **18-00622-als7**

Debtor.

### MEMORANDUM OF DECISION
**(date entered on docket: October 21, 2020)**

Before the Court is the Trustee's objection to proof of claim number 66-1 filed by Conlon Construction Co. in the Debtor's chapter 7 case. The Court has jurisdiction of these matters under 28 U.S.C. §§157(b)(1) and 1334. For the reasons stated the Trustee's objections are sustained in part and overruled in part.

### BACKGROUND

Zero Energy, Inc. originally filed a voluntary petition under chapter 11 of the Code on March 25, 2018. Conlon alleges that, on April 26, 2018, it advanced $150,000 to Zero for its order of 32 insulated concrete walls. On May 30, 2018 an Order granting Zero's Motion to Convert to chapter 7 was entered. As required by the Federal Rule of Bankruptcy 1019, Zero filed a listing of debts it incurred after it filed chapter 11 that remained unpaid on the conversion date. That document, filed at docket number 160, identified Conlon as holding an unpaid obligation in an unknown amount. A Notice to File Claims at docket number 181 established October 5, 2018 as the deadline to file proofs of claim in the chapter 7 case. On November 15, 2018, Conlon filed an "Administrative Expense Claim" requesting $150,000. The Trustee objects on the grounds that the claim is tardy and does not qualify for administrative priority. Conlon disputes these conclusions.

## DISCUSSION

### 1. Administrative Priority

Specifically, the Trustee objects to Conlon's proof of claim on the grounds that the debt arises from an advance payment made outside the ordinary course of business and therefore is not an appropriate administrative expense. He further asserts that no benefit to the estate resulted from Conlon's payment.

Under 11 U.S.C. § 503(b)(1)(a) a claimant can request payment priority for expenses that represent "the actual, necessary costs and expenses of preserving the estate." Similar language is found in Section 503(b)(3)(D) which allows a creditor to request payment as an administrative expense the "the actual, necessary expenses . . . incurred by – a creditor . . . *in making a substantial contribution*" in a chapter 11 case (emphasis added). In principle, an administrative claim serves the purpose of encouraging parties to extend credit and provide funds for a debtor to operate and rehabilitate it business or assist in an orderly liquidation of assets. *In re Comput. Learning Ctrs., Inc.,* 298 B.R. 569, 577 (Bankr. E.D. Va. 2003). Administrative priority is not conferred on all post-petition expenses. *In re Pauling Auto Supply, Inc.*, 158 B.R. 789, 793 (Bankr. N.D. Iowa 1993). The requirements are subject to a narrow application of the law and a court's discretion. *Agriprocessors, Inc. v. Iowa Quality Beef Supply Network, L.L.C.,* (*In re Tama Beef Packing, Inc*.), 290 B.R. 90, 95 (B.A.P. 8th Cir. 2003). This limiting construction is required because authorizing payment of administrative expense claims "run[s] counter to the central premise of the bankruptcy distributions which is a pro-rata distribution among all creditors." *In re Comput. Learning Ctrs., Inc.,* 298 B.R. at 577. The claimant bears the burden of proof by a preponderance of the evidence to prove its expense is entitled to be paid as an administrative expense. *GE Capital Commer., Inc. v. Sylva Corp.*, 519 B.R. 776, 779 (B.A.P. 8th Cir. 2014); *Williams v. IMC Mortg. Co. (In re Williams),* 246 B.R. 591, 595 (B.A.P. 8th Cir. 1999); *Rice v. Bennet* (*In re Supermarket Inv'rs, Inc.)*, 441 B.R. 333, 342 (Bankr. E.D. Ark. 2010).

Conlon argues that the email communications between the parties, that are attached to its claim, illustrates that Zero did not have the cash to purchase materials and the advance payment was intended to allow Zero to continue functioning, making the debt necessary to the continuation of the company. Conlon's characterization is not persuasive. The funds Conlon advanced to Zero appear to be solely related to materials for production of Conlon's order. Paragraph 3 of Conlon's

2

proof of claim states that the funds were advanced for this purpose which is confirmed by the emails.[1]

> 4/24/18     Michael Weber, Zero Energy to Michael Hunt, Conlon Construction
>
> It is important we complete your project as the next job's timeline is also falling behind . . . This is an awkward situation we find ourselves in, but getting your job completed it [sic] paramount for moving into our next orders . . . What we're proposing is to pay $150,000 for the next two weeks on Wednesday to accommodate material lead times and give us the items on hand for steady production. This amount is less than the $307,000 still owed on the project, but allows us to continually stay in production to get the job completed.
>
> 4/25/18     Michael Weber, Zero Energy to Michael Hunt, Conlon Construction
>
> Unless we receive $150K upfront, weekly we cannot provide a reasonable assurance that moving forward we can produce and provide the panels required to complete the project as we aggressively aspire to do.

A "concrete benefit" must be conferred upon the estate; a merely incidental or tenuous benefit will not suffice. *In re Cheatle,* 150 B.R. 266, 269 (Bankr. D. Colo. 1993). "[O]nly those creditors that perform services that are actual and necessary to preserve the bankrupt estate should be given administrative priority. Thus, this court's analysis necessarily focuses on the actual benefit conferred upon the estate, not the loss sustained by creditors." *In re Supermarket Investors, Inc.*, 441 B.R. at 343 (cleaned up); citing *In re Cheatle,* 150 B.R. at 270; *In re Tiburon View Apartments, LF*, Nos. BK10-81025-TLS, BK10-81026-TLS, 2012 Bankr. LEXIS 4965, at *6 (Bankr. D. Neb. Oct. 22, 2012); 140 ALR Fed. 1 (administrative claim priority is not conferred if "motivated by self-interest"). No evidence has been provided to indicate that the advance payment was intended to benefit the bankruptcy estate as a whole rather than simply Conlon's interest in having its order completed.

Also supplied with the filed proof of claim is a partial document that purports to be a "Stipulation and Agreement Between Conlon Construction Company and Debtor to Continue Production." This item does not serve to establish an administrative claim for a number of reasons: it includes only the caption of the document; any agreement between the parties has not been

---

[1] Excerpts from emails attached to Proof of Claim number 66.

submitted for examination; and the docket reflects that no such document was filed in the case. Consequently, this item is not helpful to Conlon's argument.

Conlon has not met its burden of proof to establish a concrete or substantial benefit, and as such the Trustee's objection is sustained and the claim for administrative expense priority is denied.

### 2. Tardy Filing

There is no factual dispute that Conlon's proof of claim was not timely filed in the chapter 7 case. The Trustee seems to allege that the late filing precludes Conlon's claim and cites two cases in support of this proposition. In the case of *In re West Johnson Corp.* the court concluded that a claim for payment for an administrative expense should have been filed as a proof of claim upon conversion in the chapter 7 case because the amount of the claim was definite at the time of conversion. 96 B.R. 182, 184-85 (Bankr. W.D. Wis. 1988). The court in *In re Lissner Corp.* noted that in cases of conversion, Fed. R. Bankr. Pro. 1019 is applicable and directs post-petition, pre-conversion claimants to file proofs of claims, but does not give the option of claims *or* requests for payments for administrative expenses, it merely directs claimants to file proofs of claims. 119 B.R. 143, 145 (N.D. Ill. 1990), *citing United States v. Ginley (In re Johnson)*, 901 F.2d 513, 519 (6th Cir. 1990). For that reason, *Lissner* upheld the conclusion that a pre-conversion administrative expense that is no longer contingent must be filed as a proof of claim post-conversion. 119 B.R. at 148.

It is unclear whether the Trustee is seeking to have the proof of claim disallowed because it was filed late. Neither of the cited cases address that issue or Conlon's argument that 11 U.S.C. § 502(b)(9) governs untimely filed claims and that 11 U.S.C. §726(a) expressly preserves payment of tardily filed claims.

> Section 726 controls the distribution of property in a Chapter 7 case. It states in relevant part:
>
> (a) Except as otherwise provided in section 510 of this Title, property of the estate shall be distributed—(1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed before the date on which the trustee commences distribution under this section.

*In re Wilson*, 190 B.R. 860, 861 (Bankr. E.D. Mo. 1996) (emphasis omitted). The parties do not raise any issue that would imply that the Trustee has commenced distribution to disqualify the

4

Conlon's tardy claim from being paid according to the applicable priority identified in the statute. The relevant established payment priority is:

> (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title. . .
> (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is—
> > (A) timely filed under section 501(a) of this title;
> > (B) timely filed under section 501(b) or 501(c) of this title; or
> > (C) tardily filed under section 501(a) of this title, if—
> > > (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of claim under section 501(a) of this title; and
> > > (ii) proof of such claim is filed in time to permit payment of such claim;
> (3) third, in *payment of any allowed unsecured claim proof of which is tardily filed* under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection . . . .

11 U.S.C. §726(a) (emphasis added).

A determination has been made that Conlon does not hold an administrative claim which would be entitled to priority payment under the distribution scheme set forth in the bankruptcy code. Conlon's untimely unsecured claim will receive a distribution, if any, after all other creditors with timely filed claims are paid in full.

For the reasons stated,

**IT IS ORDERED**:

1. The Trustee's objection on the administrative priority is sustained.
2. The Trustee's objection on the disallowance of the claim is overruled.
3. Claim number 66 is an untimely, unsecured claim subject to the distribution provisions under 11 U.S.C. §726(a)(3).

/s/ Anita L. Shodeen
Anita L. Shodeen
U.S. Bankruptcy Judge

Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic Filers in this Chapter Case